

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 20 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF ARKANSAS

JAMES J. SWAIN,
    Plaintiff,

-v-

        CASE NO. 4:20-cv-00299-JM
        JURY TRIAL DEMANDED

JON R. SANFORD,
    Defendant.
_____/

## COMPLAINT FOR ATTORNEY MALPRACTICE AND FRAUDULENT CONVERSION OF PROPERTY

### PARTIES

1. The Plaintiff James J. Swain #259133 is a resident of Michigan as a Prisoner in the Michigan Department of Corrections at Gus Harrison Correctional Facility 2727 East Beecher Street, Adrian MI 49221. Plaintiff has been a Prisoner since 2002 to present day 2020.

2. Defendant Jon R. Sanford is a resident of the State of Arkansas and at all times pertinent herein was an Attorney at law licensed to practice in the State of Arkansas, engaged in the practice of his profession and locating his professional office at 700 West "B" Street, Russellville Arkansas 72811. Telephone (479)968-5400 Website sanfordlaw.NET

### PLAINTIFF PLEADS

3. Defendant Jon R. Sanford was in contractual agreement with the Plaintiff through a signed Power of Attorney beginning in February 2015 and ending by resignation on February 18, 2018.

4. Defendant Jon R. Sanford was responsible for initiating Probate Proceedings on Plaintiffs fathers estate in CONWAY AND VAN BUREN County of

This case assigned to District Judge Moody
and to Magistrate Judge Ray

1

Arkansas June 2015. Defendant as Power of Attorney held access to Inheritance of Plaintiff and as Distributee who holds and performs the Fiduciary Power over the Mineral Right and Natural Gas Assets from SOUTHWESTERN ENERGY PRODUCTION COMPANY LLC. in the State of Arkansas.

5.    As a result of this Defendants practice in law, Wherein numerous claims of action did arise between the parties. Wherein all acts of Malpractice took place in Arkansas Jurisdiction.

6.    The Settlement in reference to Plaintiffs decedent's estate was the full process of administration, distribution and closing. The estate totaling more then **$250,000 dollars**. Under Supervised Administration at Testacy Proceedings. The Terms of the Trust being the settlers intent to transfer assets of Philip J. Swain and hold the estate in an established Trust **Ark.code Ann. laws.**

### JURISDICTION AND VENUE

7.    The United States District Court for the Eastern District of Arkansas has proper Jurisdiction under **TITLE 28 U.S.C. § 1332(a)(1)** Diversity Jurisdiction and **TITLE 28 U.S.C. § 1391(a)(2)** District Courts Venue. As the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between **(1)** citizens of different states. And under **§ 1391(a)(2)** A civil action wherein jurisdiction is founded only on diversity of citizenship may, be brought only in **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated.

### STATUTE OF LIMITATIONS

8.    **Ark.Code Ann. 16-56-105(1)** Actions with limitations of three years is inapplicable because Defendant was providing James J. Swain with negligent legal representation under a Power of Attorney within the three year Statute of Limitations period. Defendants service under contract to Plaintiff, "Client" is within the three year time limitation. Plaintiff also shows that the Statute of Limitations under Fraudulent Conversion had been suspended alleging Concealment of the Fraud, Which tolls the Statute.

2

## PLAINTIFFS ALLEGATIONS OF LEGAL MALPRACTICE AND FRAUD

**9.** Plaintiff was contacted by a business in the Jurisdiction of Arkansas named Heritage Land Company LLC. The owner of this business Samuel J. Pervis solicited and manipulated Plaintiff into signing a Power of Attorney at the believe that the State of Arkansas was in the process of confiscating land because of unpaid taxes on Plaintiffs fathers estate.

**10.** Attorney Jon R. Sanford was hired by Samuel J. Pervis of Heritage Land Company to begin a Probate Proceeding in CONWAY and VAN BUREN County in June 2015 without any initial knowledge or permission from Plaintiff.

**11.** Plaintiff was being directed by Defendant Attorney and business owner without full disclosure of the estate and my rights and liabilities of the Probate Proceedings and transfer of assets without performing the requested protection of placing assets in a Trust.

**12** Defendant Jon R. Sanford is allegedly an attorney skilled in law, supposedly possessing the degree of ability, diligence, skill and training possessed and used by professional attorney's practicing law in the state of Arkansas.

**13.** Defendant Attorney had a duty and obligation to full discloser to his client that there was a conflict of interest in taking employment with Samuel J. Pervis and representing Plaintiff under a Power of Attorney to begin a Probate Proceeding and transfer fathers estate to client and then transfer portions of Plaintiffs estate to his employer Samuel J. Pervis of Heritage Land Company LLC. This Defendant did not lawfully adhere to the Codes of Professional Responsibility and Canons of an attorney's profession.

**14. CANON 5 DR 5-107.** Avoiding Influence by others then the Client. (A) Except with consent of his client after full disclosure, a lawyer shall not: (1) Accept compensation for his legal services from other then his client. (2) Accept from one other then his client anything of value related to his representation of or his employment by his client.
(B) A lawyer shall not permit a person who recommends, employed, or pays him

3

to render legal services for another to direct or regulate his professional judgment in rendering such legal services.

**15.** Defendant Jon R. Sanford did not consult or offer full disclosure before he initiated a Probate Proceeding on fathers estate. The lack of full disclosure was approximate cause by this attorney. This action constitutes Fraud by Attorney because Attorney had direct knowledge that property settlement in connection with Plaintiff being a Prisoner in the Michigan Department of Corrections would result in adverse consequences at the time the Attorney took the action against Plaintiff in his Malpractice.

**16.** Plaintiff was directed into this Probate Proceeding with no reasonably disclosure afforded to him by his Attorney. Plaintiff was never informed of a Company Named SOUTHWESTERN ENERGY PRODUCTION COMPANY LLC. or the actions the Defendant and business owner took against Plaintiffs estate.

**17.** In June 2015, Defendant Jon R. Sanford and Samuel J. Pervis contacted SOUTHWESTERN ENERGY COMPANY in Arkansas and Texas and began negotiating a LEASE AGREEMENT and transfer of Plaintiffs MINERAL ACRES and FRAUDULENTLY CONVERTED Plaintiffs Property to Samuel J. Pervis of HERITAGE LAND COMPANY LLC.

**18.** Defendant **FRAUDULENTLY CONCEALED** the existence of an Oil and Gas Production Company SOUTHWESTERN ENERGY LLC. and SEECO INC. The Defendant Jon R. Sanford and business associate began receiving large sums of money from SOUTHWESTERN ENERGY and divided Plaintiffs MINERAL ACRES by selling a portion to business owner Samuel J. Pervis of HERITAGE LAND COMPANY LLC.

**19.** At all times pertinent hereto, Defendant owed to Plaintiff a duty to render and provide legal services in conformity with the accepted standards of professional legal practice and the Arkansas Rules of Professional Conduct and Canons, and to use and exercise skill, care, discretion, and judgment in the conduct and management of Plaintiffs transferred estate.

**20.** At all times pertinent hereto, Defendant Jon R. Sanford under a

4

Power of Attorney to Plaintiff imposed a strong affirmative duty in a fiduciary relationship to client to eliminate the necessarily inherent perception, that lawyers duty on the one hand to fully represent Plaintiff in the estate transfer might effect, or be effected by, responsibilities and obligations created by, or arising out of a business transaction with Samuel J. Pervis of Heritage Land Company LLC.

21.  **CANON 5   DR 5-104.** Limiting Business relations with a Client. (A) A lawyer shall not enter into business transaction with client if they have differing interest therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full discloser.

22.  **CANON 1   DR 1-102.** Misconduct
(A) A lawyer shall not:
   (4)    Engage in conduct involving dishonestly, fraud, deceit, or misrepresentation.

**CANON 5   DR 5-105.** Refusing to accept or continue employment if the interests of another client may impair the independent professional judgment of the lawyer.
(A)  A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment.

23.    Defendant Attorney Jon R. Sanford had a legal duty to not except employment from Samuel J. Pervis of Heritage Land Company because the interest of his client was in contrast different from the interest of his client in the representation under Power of Attorney to transfer estate to a Protected Trust. The Defendant was legally knowledgeable and understood that Plaintiff was:

(1) A prisoner in the Michigan Department of Corrections and would be legally responsible under Michigan Statue once estate of heir was transferred to Plaintiff and a debt would arise and a complaint would be filed by Attorney General of Michigan to confiscate newly transferred

5

assets.

(2) Defendant had a duty as Attorney to client to disclose all information relevant to the proposed business arrangement of the parties. The Plaintiff had not been informed by Samuel J. Pervis or Attorney Defendant as to the assets in the estate or the course of direction by which they were undertaking with Plaintiffs estate.

(3) Defendant Jon R. Sanford should not have Concealed from client the contents of the transferred estate or initiate the Probate Proceedings and transfer estate without expressed or implied disclosure of the ramifications of this action without taking proper steps to Protect Client of which the Defendant had responsibilities to represent client to the best of his abilities as a professional attorney.

**24.** Plaintiff was in danger of the State of Michigan filing complaint against the distributed property held by Defendant Attorney. Plaintiff began requesting from Attorney by letter and of which is apart of the record that a Trust be established or that a safety deposit box be opened to protect the inherited property. Defendant sent a letter treating client hostile stating that Defendant would resign his position of Attorney for client for stating that Plaintiff wanted to protect the Inheritance from the State of Michigan making a claim against the assets. Defendant claimed in the letter that it would be unethical and unprofessional to engage in such practice.

**25.** Plaintiff, at all times herein, relied completely on the professional advice, counsel, judgment and legal skill of Defendant, and on his express and or implied promises, assurances and representations that his legal defense was being competently handled, and in all respects followed Defendants advice, counsel and judgment in those matters concerning Plaintiffs protection of estate, believing that the conduct of his advice by Defendant would be in accordance with the standards of professional legal practice, within the Arkansas Rules of Professional Conduct and Canons.

**26.** Defendant Attorney dishonestly lied to Plaintiff his client by misrepresentation of the fact that there are under the law legal contracts in which to protect a persons assets. One of these being an established Trust. This would have been a legal writing Defendant Attorney would have

6

been familiar with as a professional Attorney. Defendant Jon R. Sanford used deceit in his malpractice towards his client in order to not protect Plaintiffs transferred estate.

**27.** Approximately June 2017, Plaintiff requested by letter and phone conversation that Defendant Attorney who under Power of Attorney was in control of a trust account that held $75,000 dollars of transferred assets from my fathers estate settlement with Southwestern Energy LLC. To purchase a house for $20,000 dollars from Katy Rhodes. The Defendant agreed to perform this instruction as the Plaintiff arranged the parties to contact one another.

**28.** The Plaintiff requested by letter and phone conversation that the Defendant only verify the title to the house and purchase this house quickly. Plaintiff stated in a letter and phone conversation to distribute the funds to the party and to avoid the unnecessary costs of the process. The Defendant did not listen to my instructions and drew out the process about six months and still never made payment to the party.

**29.** The Defendant Attorney insisted to the parties that they arrange to hire an attorney on there end to finalize the request that the Defendant was making upon them. Katy Rhodes hired an attorney and court costs at a cost of $4,000 dollars. All legal documentation was in order but the Defendant Attorney refused to make payment. The Defendant Jon R. Sanford persisted and would not move forward with the purchase and demanded to the Plaintiff that a land company be hired in Michigan to confirm title and other matters.

**30.** Plaintiff was frustrated because Defendant Attorney drew out the process for six months at an added cost to the Plaintiff and parties. The Plaintiff had also sent a letter and had a phone conversation with Defendant Jon R. Sanford regarding instructions to send a $17,000 dollar check to Steven Straubel so he could purchase a truck from a dealership for Plaintiff. I sent by letter my intentions many months prior about the house and truck. The Defendant Jon R. Sanford would not comply with my requests of distribution of Plaintiffs estate.

7

31.     Defendant Jon R. Sanford as Power of Attorney and does hold access to Inheritance of Plaintiff James J. Swain. As Distributee, Jon R. Sanford breached his fiduciary duty to Plaintiff. Defendant holds and performs the fiduciary power over the trust account and Natural Gas Asset from Southwestern Energy Production Company LLC. This asset was transferred by Probate Court to Attorney Jon R. Sanford (Power of Attorney) under agreement with the business owner Samuel J. Pervis to protect client under a Governing Instrument of a Trust. It was stated by this Attorney that he was protecting client and a Trust was established. This was not true, the money received from estate settlement with Southwestern Energy LLC. was placed in a trust account at a bank in Arkansas.

33.     Defendant Attorney owed a Fiduciary responsibility to Plaintiff when given instructions to carry out the distribution of estate. Defendant Attorney had a duty to client to protect client by carrying out instructions to establish a Governing Instrument of a Trust. The Defendants Malpractice of not carrying out instructions to protect client was approximate cause for the entire loss of Plaintiffs estate.

34.     At all times pertinent hereto, Defendant owed to Plaintiff a duty to render and provide legal services in conformity with the accepted standards of professional legal practice and the Arkansas Rules of Professional Conduct and Canons, and to use and exercise reasonable skill, care, discretion and judgment in the conduct and management of Plaintiffs estate.

35.     **CANON 6 DR 6--101.** Failing to Act Competently
(A) A lawyer shall not:
 (2) Handle a legal matter without preparation adequate in the circumstances
 (3) Neglect a legal matter entrusted to him.
### CANON 7
A lawyer should represent a client zealously within the bounds of the law
**DR 7-101.** Representing a client zealously:
(1)  Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules.

(2) Fail to carry out a contract of employment entered into with a client for professional services.

(3) Prejudice or damage his client during the course of the professional relationship.

**36.** Approximately October 2017, Defendant Jon R. Sanford sent in the Mail a copy of a royalty check from Southwestern Energy Production Company LLC. to the Plaintiff at the Gus Harrision Correctional Facility. The Plaintiff received a mail rejection notice from the Correctional Facility. A notice of intent was given which stated a Michigan Department of Corrections Policy that a prisoner is not allowed to be in possession of a copy of a check.

**37.** The Plaintiff states this action by Defendant was done with direct Malicious intent to initiate an investigation of the Plaintiff by the Correctional Facility. This action was contrary to the established routine of confidentiality that the Defendants insisted upon and been practicing for 2½ years while Defendant and business owner Samuel J. Pervis were waiting for the final back payment on royalties to come in from Southwestern Energy LLC. This action by Defendant Attorney was the direct cause of injury that resulted in great damage against Plaintiffs estate.

**38.** Defendant Attorney Jon R. Sanford was contrary to the duties herein set forth, was professional negligent and breached and omitted his duties to Plaintiff in the following manner:

(a) Defendant failed to handle legal matters for Plaintiff in a competent manner, with adequate preparation cosidering the circumstances that client was in the Michigan Department of Corrections and neglected his duty to client to not damage client by initiating an investigation that would result in the confiscation of the Plaintiffs Inheritance.

**39. CANON 7 DR 7-101**
(A) A lawyer shall not intentionally:
   (3) Prejudice or damage his client during the course of the professional relationship.

9

**40.** The Defendant Jon R. Sanford betrayed the confidence of his client and Conspired with the Michigan State Officials and deprived Plaintiff of his Property Rights under the FIFTH and FOURTEENTH AMENDMENTS of the Constitution of the United States. That copy of a check went directly to the State Investigator at the Gus Harrison Correctional Facility. Who directly reports these kinds of activities to the Attorney General of Michigan. Which then gave rise to a complaint against Plaintiff, at which resulted in the loss of Plaintiffs Property. These negligent acts by Defendant in his Malpractice towards Plaintiff was Proximate Cause of Injury.

**CANON 1   DR 1-102.(4)** Engage in conduct involving, fraud, deceit, or misrepresentation.

**CANON 4 DR 101. (B)(1)(2)** A lawyer should Preserve the Confidences and Secrets of a Client. "Confidence" refers to information protected by attorney-client privilige under applicable law, and "Secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to a client. **(B)** A lawyer shall not knowingly: **(1)** Reveal a confidence or secret of his client. **(2)** Use a confidence or secret of his client to the disadvantage of the client.

**41** Defendant Attorney Jon R. Sanford owed to Plaintiff-Client James J. Swain a duty to avoid any conflict of interest according to the Code of Professional Responsibilities And Canons.

**42.** Approximately January 2018, Plaintiff receives Notice and a Complaint from Attorney General of Michigan. Plaintiffs trust account in Arkansas and monthly royalties from SOUTHWESTERN ENERGY COMPANY were Ordered Frozen by the 16th Circuit Court pending a Show Cause Hearing.

**43.** Plaintiff called on the phone Defendant Jon R. Sanford and asked for his legal counsel and representation in the Show Cause Hearing. Defendant stated that the Plaintiff should go to the Prison Law Library for legal help. Plaintiff receives a letter from Defendant Attorney resigning his role as Attorney-In-Fact for Plaintiff.

10

**44.** Approximately January 2018, The 16th Circuit Court Ordered Defendant Jon R. Sanford to turn over all asset valuations and trust account totals and information that would be Attorney-Client privileged. Defendant willing betrayed the confidence of his client and submitted to the improper jurisdiction of Michigan as an Arkansas resident and forwarded to the Attorney General all information of account valuations so the 16th Circuit Court could attach and render judgment against Defendants client.

**45.** Approximately March 2018, A judgment was Ordered against Plaintiff and Defendant Jon R. Sanford betrayed the confidence of his client and willingly submitted as an Arkansas resident to the Michigan jurisdiction of the 16th Circuit Court and **FRAUDULENTLY CONVERTED** Plaintiffs trust account to Attorney General of Michigan.

**46.** Defendant Attorney Jon R. Sanford is negligent in his legal representation of his client and approximate cause of his Malpractice that caused injury to Plaintiff was:

(1) Negligently being unprofessional in his duties to protect client and not following through with clients request of setting up a Protected Legal Trust once the estate Proceedings concluded in 2015 and therefore violating under an Attorneys Professional Rules and Canons.

**Canon 6 DR 6-101. A(1)(2)(3)** Failing to Act Competently **(A)** A lawyer shall not: **(1)** Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it. **(2)** Handle a legal matter without preparation adequate in the circumstances. **(3)** Neglect a legal matter entrust to him.

(2) By not affording his client the right to Full Disclosure and **FRAUDULENTLY CONCEALING** the existence of an Oil and Gas Production Company SOUTHWESTERN ENERGY LLC. before initiating Probate Proceedings and transfer of fathers estate in Arkansas. Attorney negligently and willfully withheld information material to the clients decision to pursue a course of action is a breach of attorneys duty of care to handle a legal matter entrusted to

11

him.

(3) By not affording his client the right to be informed in Full Disclosure regarding the intentions of Samuel J. Pervis of HERITAGE LAND COMPANY LLC. and the actions by Attorney to **FRAUDULENTLY CONVERT** Plaintiffs Mineral Acres and Money owed from SOUTHWESTERN ENERGY LLC. and violating an Attorneys Professional Rules and Canons.

**CANON 5   DR 5-106.(A)   DR 5-107.(A)(1)(2)(B)**
Settling Similar Claims of Clients:
**(A)** A lawyer who represents two or more clients shall not make or participate in the making of an aggregate settlement of the claims of or against his clients, unless each client has consented to the settlement after being advised of the existence and nature of all the claims involved in the proposed settlement, of the total amount of the settlement, and of the participation of each person in the settlement.
Avoiding influence by others then the client
**(A)** Except with consent of his client after full disclosure, a lawyer shall not: **(1)** Accept compensation for his legal services from one other then his client. **(2)** Accept from one other then his client anything of value related to his representation of or his employment by his client. **(B)** A lawyer shall not permit a person who recommends, employees, or pays him to render legal services for another to direct or regulate his professional judgment in rendering such legal services.

(4) By not performing his legal duties and responsibilities as a Fiduciary Agent to his client when Defendant would not make payment for arranged house and truck purchase and violating an Attorneys Code of Professional Responsibilities and Canons.

**CANON 9   DR 9-102.(4)** Preserving Identity of Funds and Property of a Client
**(B)** A lawyer shall: **(4)** Promptly pay or deliver to his client as required by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

(5) By being negligently irresponsible and damaging client by revealing a

12

confidence of the client and Initiating an Investigation of his client by sending a copy of a check to a Correctional Facility and violating an Attorneys Code of Professional Responsibility and Canons. **CANON 4 DR 4-101.**

**(6)** By breaking Attorney-Client privileged confidentiality by willingly choosing to betray the confidence of his client and sending clients financial information to Attorney General and Circuit Court when the Court in Michigan did not have proper jurisdiction to Service Complaint and Order Defendant, an Arkansas resident to forward clients trust account. Defendant has **MALICIOUS INTENT** and willingly submitted to the Jurisdiction of the Michigan Court without clients authority or approval and therefore violating an Attorneys Code of Professional Responsibilities and Canons.

**(7)** By not choosing to decline employment from Samuel J. Pervis of HERITAGE LAND COMPANY LLC. and choosing to perform Probate Proceedings on a client that did not receive Full Disclosure and was a Prisoner in the Michigan Department of Corrections knowing and having knowledge that his client would be subjected to a Complaint and Confiscation of newly transferred assets from said Inheritance and understanding that Defendant would then become a witness against his client in a future court case.

### 47. CANON 5 DR 5-101.(A) (B)(1)(2)(3)

Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment

**(A)** Except with the consent of his client after <u>Full Disclosure</u>, a lawyer shall not except employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, or personal interests.

**(B)** A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in

13

opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

**CANON 6   DR 6-102.(A)** Limiting Liability to Client

**(A)**   A lawyer shall not attempt to exonerate himself from or limit his liability to his client for his personal malpractice.

48.   As a result of the breaches and omissions of duty and professional negligent acts and omissions of Defendant, the Plaintiff has sustained damages as a proximate result thereof which include, but not limited to, the following:

(a) Neglected a legal matter by not protecting inheritance and transferring it into a <u>Legal Trust Instrument</u>.
(b) By <u>Fraudulently Converting</u> 30% of Inherited Mineral Acres.
(c) By <u>Fraudulently Converting</u> 30% of the back payment from SOUTHWESTERN ENERGY COMPANY LLC. (Settlement of Plaintiffs Portion).
(d) By <u>Fraudulently Converting</u> the 30% of MINERAL ACRES and the money loss from the back payment from SOUTHWESTERN ENERGY COMPANY LLC. (Settlement of Samuel J. Pervis Portion).
(e) The Property loss of a $20,000 dollar home and a $17,000 dollar truck.
(f) The <u>Fraudulent Conversion</u> of $75,000 dollars from trust bank account.
(g) By Attorney notifying SOUTHWESTERN ENERGY LLC. that he was resigning his Power of Attorney to client and in turn SOUTHWESTERN ENERGY LLC. severed the LEASE AGREEMENTS with Owner and left Owner in a position of not being able to pay State Taxes in Arkansas on the MINERAL DEED and almost resulted in loss of MINERAL DEED.
(h) Emotional distress, mental anguish, frustration, humiliation, and embarrassment.

### RELIEF SOUGHT

**WHEREFORE,** Plaintiff seeks Judgment against Defendant Attorney Jon R. Sanford for his Malpractice and Fraudulent Conversion of Plaintiffs Property in the following amount:

**COMPENSATORY DAMAGES**

Award to Plaintiff James J. Swain **$375,000 dollars** against Defendant Attorney Jon R. Sanford, including costs, interests and attorney fees associated with this Civil Suit.

I declare that the statements above are true to the best of my information, knowledge, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

RESPECTFULLY SUBMITTED,
IN PRO PER

DATE: 3-16-2020

*James J. Swain* (signature)

JAMES J. SWAIN #259133
GUS HARRISON CORRECTIONAL FACILITY
2727 EAST BEECHER STREET
ADRIAN, MI 49221

JAMES J. SWAIN #259133
MICHIGAN DEPARTMENT OF CORRECTIONS
GUS HARRISON CORRECTIONAL FACILITY
2727 EAST BEECHER STREET
ADRIAN, MI 49221

RECEIVED
U.S. DISTRICT COURT
ARKANSAS

2020 MAR 20 A 9: 25

MARCH 16, 2020

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
600 W. CAPITOL AVENUE
LITTLE ROCK, AR 72201

RE: Filing a Complaint for ATTORNEY MALPRACTICE AND FRAUDULENT CONVERSION OF PROPERTY. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DECLARATION WITH AFFIDAVIT AND MOTION TO GRANT ORDER OF SERVICE.

**DEAR CLERK:**

I would like to File this Complaint before this Honorable Court, IN PRO PER. Please find REQUEST FOR HEARING ON MOTIONS, 3 copies of Complaint FOR ATTORNEY MALPRACTICE AND FRAUDULENT CONVERSION OF PROPERTY, 3 copies of SUMMONS for Defendant, 1 copy of LEAVE TO PROCEED IN FORMA PAUPERIS with 1 copy of DECLARATION and 1 copy of AFFIDAVIT, 1 copy of a MOTION TO GRANT ORDER OF SERVICE. I have also included if required by Court Rules an OPT-OUT of E-FILE REQUEST. I am submitting this documentation before this Honorable District Court in Good Faith in my hope and faith that I can pursue justice under the law.

Thank You for your time and consideration to this matter.

Sincerely,

DATE: 3-16-2020

James Swain
JAMES J. SWAIN

JAMES J. SWAIN #259133
MICHIGAN DEPARTMENT OF CORRECTIONS
GUS HARRISON CORRECTIONAL FACILITY
2727 EAST BEECHER STREET
ADRIAN, MI 49221



U.S. POSTAGE >> PITNEY BOWES

ZIP 49221
02 4W    $ 008.25⁰
0000355312 MAR 16 2020

UNITED STATES DISTRICT COURT
CLERK'S OFFICE
600 W. CAPITAL AVENUE
LITTLE ROCK, ARKANSAS 72201



UNITED STATES POSTAL SERVICE
USPS TRACKING #
9114 9023 0722 4693 1038 06