IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES J. SWAIN                                                                                      PLAINTIFF
#259133

V.                              CASE NO. 4:20-cv-00299 JM

JON R. SANFORD                                                                                    DEFENDANT

ORDER

Plaintiff James J. Swain, in custody at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* complaint alleging legal malpractice and fraud against attorney Jon R. Sanford; Swain maintains this Court has diversity jurisdiction over his claims. (Doc. No. 2 at 2).

I. Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235- 236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## II. Discussion

As mentioned above, Swain sued Sanford for legal malpractice and fraud; Swain asserts diversity jurisdiction. Diversity jurisdiction "requires an amount in controversy over $75,000 and complete diversity of citizenship of the litigants." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (citing *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id*. The controlling factor in determining citizenship is the domicile of an individual. *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977).

Swain identifies Defendant Sanford as a resident of the State of Arkansas; Swain explains that he is "a resident of Michigan as a Prisoner . . . ." (Doc. No. 2 at 1.) There is a presumption that "a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Hadican*, 552 F.2d at 250 (internal citations omitted). Mere presence in a state does not

effect a change of domicile. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). The burden of establishing diversity jurisdiction rests on the party invoking it. *Hartridge v. AETNA Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969).

Swain provided no background of his past domicile; he says only he is a resident of Michigan "as a prisoner." Swain also did not plead "facts sufficient to indicate a bona fide intention to change his domicile to his place of incarceration." *Hadican*, 552 F.2d at 251. Because Swain provided insufficient information for the Court to determine his domicile, and thus to determine whether diversity jurisdiction exists, and because he has not made federal claims, his Complaint must be dismissed. 28 U.S.C. § 1331; 18 U.S.C. § 1332.

### III. Conclusion

1. Swain's Complaint is DISMISSED without prejudice.

2. Swain's Motion for Hearing and Motion for Service (Doc. Nos. 5, 6) are DENIED as moot.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 23rd day of March, 2020.

_____
UNITED STATES DISTRICT JUDGE