**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF ARKANSAS**

**CENTRAL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 2 8 2020

JAMES W. McCORMACK, CLERK

By:_____

DEP CLERK

**JAMES J. SWAIN**                                                        **PLAINTIFF**

**#259133**

**V**                         **CASE NO. 4:20-CV-00299-JM**

**JON R. SANFORD,**

**SAMUEL J. PERVIS**                                                      **DEFENDANT**

**PROPOSED AMENDED COMPLAINT FOR**

**MOTION TO AMEND THE PLEADINGS**

**FOR REQUIRED JOINDER OF PARTIES**

**FILED ON 7/14/2020**

     Plaintiff Submits the Proposed Amended Complaint for the Required Joinder of Parties Motion Document 29/0 Date Filed 07/14/2020.

RESPECTFULLY SUBMITTED,

JAMES J. SWAIN #259133

GUS HARRISON CORRECTIONAL FACILITY

2727 EAST BEECHER STREET

ADRIAN, MI 49221

**CERTIFICATE OF SERVICE**

     I, James J. Swain, Plaintiff in this cause of action, by my signature below, certify that I have mailed by U.S. First Class Mail, postage prepaid, the foregoing Proposed Amended Complaint for Required Joinder of Parties and Motion to Grant Order of Service to <u>Jon R. Sanford</u> P.O. Box 6111, Edmonds, WA 98026 on the 23rd day of July 2020.

**DATE:** <u>7-23-2020</u>                           _____

                                              JAMES J. SWAIN

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

CENTRAL DIVISION

JAMES J. SWAIN

#259133



PLAINTIFF

V.                          CASE NO. 4:20-CV-00299-JM

JURY TRIAL DEMANDED

JON R. SANFORD

SAMUEL J. PERVIS                                          DEFENDANT'S

## COMPLAINT FOR ATTORNEY MALPRACTICE AND

## FRAUDULENT CONCEALMENT AND CONVERSION

## OF PROPERTY

### PARTIES

1.      The Plaintiff James J. Swain #259133 is a Citizen of Michigan and is a prisoner in the Michigan Department of Corrections at Gus Harrison Correctional Facility 2727 East Beecher Street, Adrian MI 49221. Plaintiff has been a prisoner since 2002 to present day 2020.

2.      Defendant Jon R. Sanford was a Citizen of Arkansas and is now a Citizen of Washington State and at all times pertinent herein was an Attorney at Law and Licensed to practice in the State of Arkansas and engaged in his practice in his profession and now locating his professional office at P.O. Box 6111, Edmonds, WA 98026, Tel (479)968-5400

3.          Defendant Samuel J. Pervis is a Citizen of Arkansas and pertinent herein has his principal place of business in Arkansas as a business owner of Heritage Land Company LLC. Having arranged the business agreements between Parties. He is being sued in his individual and licensed business capacity.

## PLAINTIFF PLEADS

4.          Defendant Jon R. Sanford was in Contractual agreement with the Plaintiff through a signed Power of Attorney beginning on February 23, 2015 and ending by resignation on February 18, 2018.

5.          Defendant Samuel J. Pervis was in Contractual agreement with Plaintiff through a signed Contract beginning February 23, 2015 and ending around the time of November 2017 at the completion of the final back payments from SWN and SEECO INC.

6.          Defendant's Jon R. Sanford and Samuel J. Pervis are responsible for initiating legal agreements called Transfer Orders with Southwestern Energy LLC. and SEECO Inc. and other Oil And Gas Production Companies in association with the Mineral Deed in Arkansas and Texas around the time of June 2015 without properly giving Plaintiff Informed Consent and a professional plan to protect Plaintiff's assets resulted in injury to Plaintiff and Plaintiff requests relief on his claim.

7.          Defendant's Jon R. Sanford and Samuel J. Pervis are responsible for contacting Arkansas State Auditor and signing legal Claim Documents and collecting at least **$70,000** dollars without Proper Informed Consent and a professional plan to protect Plaintiff's assets resulted in

injury to Plaintiff and Plaintiff requests relief on his claim.

8.          Defendant's Jon R. Sanford and Samuel J. Pervis are responsible for the legal process of Filing Quick Claim Deeds on Plaintiff's Mineral Deed and transferring 30% of the Mineral Deed to Samuel J. Pervis without Proper Informed Consent. Plaintiff on that day he signed that legal documentation had read through it and did not understand the information and was told that an attorney from Arkansas was going to properly explain the matter. Plaintiff did not realize that the Defendant's had contractually locked Plaintiff into a deal that was fundamentally unfair and deprived Plaintiff of Protection of said assets after collection of which resulted in injury and Plaintiff is seeking relief on his claim against Defendant's.

9.      As a result of these Defendant's practice in law and business, wherein claims of Attorney Malpractice and Fraudulent Concealment and the Conversion of Plaintiff's Property and also the Breach of Fiduciary Duty and the Breach of Written Contract and Verbal Contract among the Parties did take place in Arkansas Jurisdiction.

10.      The settlement in reference to Plaintiff's descendants estate was the full process of administration, distribution and closing. The Mineral estate and collection totaling more then **$250,000** dollars. Under supervised legal administration by the Defendant's. The terms of the settlers intent to collect and transfer assets of Philip J. Swain Hires and hold the Mineral estate and collected interest in an established Trust Agreement to Protect Plaintiff James J. Swain.

3

## JURISDICTION AND VENUE

11.     The United States District Court for the Eastern District of Arkansas has proper Jurisdiction under **TITLE 28 U.C.S. § 1332(a)(1)** DIVERSITY JURISDICTION. And **TITLE 28 U.S.C. § 1391(a)(2)** DISTRICT COURTS VENUE. As the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between **(1)** citizens of different states. And under § 1391(a)(2) A civil action wherein jurisdiction is founded only on diversity of citizenship may, be brought only in **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated.

## STATUTE OF LIMITATIONS

12.     **Ark.Code Ann. 16-56-105(1)** Actions with limitations of three years is inapplicable because Defendant's were providing James J. Swain with Negligent legal representation under a Contract and Power of Attorney within the three year Statute of Limitations period. Defendant's service under Contract to Plaintiff, "client-lawyer" is within the three year time limitation. Plaintiff also Pleads that the Statute of Limitations under Fraudulent Conversion had been suspended alleging Concealment of the Fraud, which tolls the Statute until Plaintiff discovered it.

## STATEMENT OF FACTS

"See Attached Document"

## PLAINTIFF'S ALLEGATIONS OF LEGAL MALPRACTICE AND FRAUD

4

13.      Plaintiff was contacted by a business in the Jurisdiction of Arkansas named Heritage Lane Company LLC. The owner of this business Samuel J. Pervis solicited Plaintiff with a business proposal while Imprisoned in a Correctional Facility. The solicited information placed Plaintiff in a disadvantaged situation under Michigan Law and the Tribunal laws of the Michigan Department of Corrections. Plaintiff was given a choice to except this business proposal or lose the property. This leveraged position in the solicitation by Defendant left Plaintiff in a vulnerable position and Plaintiff requested explicitly to Defendant Samuel J. Pervis for Protection by setting up a Trust Agreement.

14.      Attorney Jon R. Sanford was hired by Samuel J. Pervis of Heritage Land Company LLC. to begin the legal process of Deed Redemption and surmitting Claims with the Arkansas State Auditor to collect thousands of dollars and enter into legal agreements called Transfer Orders with the Oil and Gas Production Companies in the Jurisdiction of Conway and Van Buren County Arkansas around the time of June 2015 without any initial knowledge or proper 'Informed Consent from Plaintiff without professionally developing a plan to protect Plaintiff's assets. Plaintiff is requesting relief on my claim of injury.

15.      Plaintiff was not in control and was being directed by Defendant Attorney and business owner without having any understanding of what Plaintiff sign onto when he sign that Contact and Power of Attorney. The Defendant's did not try to offer Full Disclosure of the Mineral estate before unfolding the process of entering into legal agreements and

collection of assets and transferring assets without being informed of Plaintiff's rights and liabilities. This was the first time Plaintiff heard of this Inherited position and was not able to even investigate the situation

or even understand if Plaintiff was being offered a fair business proposal for the collection of the Property interest on the Mineral Deed without performing the requested Protection and placing assets in a Trust Agreement. Plaintiff is requesting relief on his claim of injury.

16.     Defendant Jon R. Sanford is allegedly an attorney skilled in law, supposedly possessing the degree of ability, diligence, skill and training possessed and used by professional attorneys practicing law in the State of Arkansas under the Professional Conduct Rules for licensed Attorneys.

17.     Defendant Attorney had a duty and obligation to Full Disclosure to his client, being that there was a Conflict of Interest in taking employment with Samuel J. Pervis and representing Plaintiff under a Power of Attorney while under the disability of imprisonment and in violation of Michigan Laws by entering into a business agreement and carrying out the process of DEED REDEMPTION and CLAIMS COLLECTION and legal agreement's called TRANSFERER ORDERS on Plaintiff's Mineral estate that was transferred to heirs by legal actions the Defendant's were undertaking without proper Informed Consent to the Conflict of Interest.

18.     The Defendant Attorney did not lawfully adhere to the Codes of Professional Responsibility under Arkansas law or the Canons of this Attorneys ethical conduct when representing a client under the disability of

imprisonment by conducting a business agreement against the law and in Conflict of Interest.

19.    Defendant Jon R. Sanford and Defendant Samuel J. Pervis did not make an effort to explain the land matter before Fraudulently soliciting Plaintiff on a surprise attorney visit to have Plaintiff sign legal documents.

20.    The lack of Full Disclosure by Defendant's was the proximate cause by this attorney and business owner. This action constitutes Fraudulent Concealment and Fraudulent Conversion of Plaintiff's property. This action also constitutes a violation of the law as Defendant's had direct knowledge that property settlement contract in connection with Plaintiff being a prisoner in the Michigan Department of Corrections would result in consequences at the time the attorney took the action against the Plaintiff and relief is requested in this cause of action.

21.    Plaintiff had not been informed of a Company called Southwestern Energy LLC. until much latter. Informed Consent would have resulted in a different outcome for Plaintiff because Plaintiff would not have signed a Contract or Power of Attorney.

22.    In June 2015, the Defendant's Jon R. Sanford and Samuel J. Pervis contacted Southwestern Energy Company in Arkansas and Texas and began signing Legal Transferer Orders and communicating to the Accounting Departments on Plaintiff's Mineral Interest. Defendant's divided Plaintiff's MINERAL DEED with a QUICK CLAIM DEED TRANSFER without Plaintiff's

7

understanding of what a Mineral Deed was or even the large sum of money connected to such a Mineral Deed. Plaintiff did not receive Informed Consent before Defendant's took there actions against the Plaintiff and relief is requested on this claim.

23.     Defendant's Fraudulently Concealed the identity of Southwestern Energy LLC. and SEECO Inc. and other companies and did not explain these matters.

24.     At all times pertinent hereto, Defendant's owed to Plaintiff a duty to render and provide legal services in conformity with the accepted standards of professional legal practice and the Arkansas Rule of Professional Conduct and Canons, and to exercise skill, care, discretion, and judgment in the conduct and management of Plaintiff's collected estate.

25.     At all times pertinent hereto, Defendant Attorney Jon R. Sanford under a Power of Attorney to Plaintiff imposed a strong affirmative duty in a fiduciary relationship to client to eliminate the necessarily inherent perception that lawyers duty on the one hand to fully represent Plaintiff in the estate collection might effect, or be affected by responsibilities and obligations created by the family friendships in association and arising out of the business transaction with Samuel J. Pervis of Heritage Land Company LLC.

26.     Defendant Attorney Jon R. Sanford had a legal duty under Arkansas Professional Conduct Rules to not except employment from Samuel J. Pervis of Heritage Land Company LLC. because the interest of his client

was in contrast different from the interest of other clint in the representation under Power of Attorney to render Informed Consent and Protection to Plaintiff before carrying out legal transactions of Plaintiff's Mineral assets and therefore injuring Plaintiff by carrying out the instructions of Samuel J. Pervis and the Fraudulent Contract. Therefore relief is requested on Plaintiff's claim.

27. Defendant Samuel J. Pervis hired an attorney in Michigan named Mike W. Colton to directly solicit Plaintiff who was under the disability of imprisonment in the Michigan Department of Corrections and secure a signature on a Contract and Power of Attorney without first giving Plaintiff sufficient information and time to make an Informed Decision about the presented proposal in the documents being proffered to Plaintiff. Plaintiff did not receive Informed Consent from Mike W. Colton and was not even given a copy of the Contract or Power of Attorney documents. Plaintiff was told that this attorney was not allowed to hand off documents to Plaintiff and was further told that an attorney in Arkansas would further explain the land matter and protect Plaintiff. Defendant's deceived Plaintiff into this agreement and Plaintiff is requesting relief on his claim.

28. Defendant Attorney Jon R. Sanford had a duty as attorney to client to disclose all information relevant to the proposed business arrangement of the Parties before agreeing to the terms set forth in the Contract and Power of Attorney. The Plaintiff had not been Informed by Samuel J. Pervis or Attorney as to the explanation of the this Mineral Deed and the large sum of money to be collected or even the course of direction by which these Defendant's were going to take with Plaintiff's Mineral

9

estate.

29.     Defendant Jon R. Sanford and Samuel J. Pervis should not have Concealed from Plaintiff the contents of the Mineral Deed and the collected Interest of the Property or enter into Legal Contracts called Transfer Orders with Oil and Gas Production Companies without Expressed or Implied Disclosure. The consequences of this action on Plaintiff without taking the proper steps to Protect Plaintiff, and of which the Defendant's had a responsibility to carry out Plaintiff's request of placing assets in a Protected Trust Agreement. These actions by the Defendant's resulted in Injury and Plaintiff requests relief on his claims.

30.     Plaintiff at different times requested from attorney and business owner that a Trust be established and when that request was ignored Plaintiff sent a letter to Defendant Attorney requesting that a safety deposit box be opened to protect Plaintiff's assets. Defendant sent a letter back and resisted any ideas Plaintiff put forth. In a latter letter Defendant Attorney treated Plaintiff hostel and threatened to resign his role as attorney for Plaintiff. Plaintiff wanted to protect the Inherited money from the State of Michigan making claim against the assets but the Attorney Defendant would not follow Plaintiff's instructions to protect the assets. Plaintiff is requesting relief on his claim of injury.

31.     Plaintiff at all times herein, relied completely on the professional advice, counsel, judgment and legal skill of Defendant, and on his expressed or implied promises, assurances and representations that Plaintiff's legal representation was being competently handled and in all

concerning Plaintiff's Protection of Mineral estate, believing that the conduct of his advice by Defendant would be in accordance with the standards of professional legal practice, Pursuant to the Arkansas Professional Conduct Rules and Canons.

32.      Defendant Attorney dishonestly misrepresented to client in signed letter the proffered instructions of distributing assets in a trust account. This proffered position was done in direct opposition to the requests of Samuel J. Pervis and Plaintiff James J. Swain. This request had been for the Protection of Plaintiff's assets by establishing a Trust Instrument. This would have been a legal writing Defendant Attorney would have been familiar with as a professional Attorney. Defendant Attorney made the negligent decision to place Plaintiff's collected Mineral estate in a bank trust account which left Plaintiff unprotected from creditors. Plaintiff is requesting relief on his claim of injury.

33.      Approximately June 2017, Plaintiff contacts by letter and phone conversation and informs Defendant Attorney that he is arranging with a friend to purchase a house in Mio, Michigan for the agreed upon price of $20,000 dollars from Katy Rhodes. The Defendant Attorney agreed to perform this instruction and to release the funds when the Deed to the house was presented.

34.      Defendant Attorney did not perform the agreed upon instruction and made the parties perform instructions that were not authorized by Plaintiff and extended the time the parties were to complete the agreement and verbal contact of the parties. Defendant Attorney proffered to Plaintiff that a real estate company in Michigan should also confirm the Title that was presented by

the parties. Defendant contracted with Escoda County Abstract for an additional Title search. Payment was made and a response was completed by Escoda County Abstract confirming Title and the Parties had legal documentation from a Probate Court Hearing showing that the Katy Rhodes was the estate representative. The Defendant Attorney did not distribute the funds to the parties but continued to extend the time by making issue with service drive descriptions. Plaintiff did not authorize Defendant to continue to proffer Plaintiff with these matters, and by consequence extended the time by which the parties were to complete the agreement. Plaintiff is requesting relief on his claim of injury.

35.    Plaintiff requested by letter and had a phone conversations with Defendant Attorney within this same  time period to release from Plaintiff's trust account $17,000 to Steven Straubel so he could purchase a truck from a dealership for Plaintiff.

36.    Defendant Attorney Jon R. Sanford had a phone conversation with Steven Straubel and sent to Attorney Jon R. Sanford through e-mail bank wire contact information but Defendant stopped the transaction and would not comply with request to distribute funds from Plaintiff's trust account. The following day Defendant and Plaintiff received a Complaint from the Michigan Attorney General, Freezing assets. Plaintiff believes  the Defendant had been acting strange and believes Defendant had been in communication with the Michigan State Official's  prior  to the Complaint being filed and that Defendant had been withholding distribution of funds from Plaintiff's trust account. Plaintiff is seeking  relief from the Defendant for breach of his fiduciary  duties and withholding requests to distribute funds from Plaintiff's trust account.

**37.** Defendant Jon R. Sanford as Power of Attorney and does hold authority over Plaintiff's trust account. The Property interest from the Mineral estate was collected by this Defendant Attorney and divided with other Defendant Samuel J. Pervis. Defendant Attorney charged Attorney fees during the two and half year period and collected at least $40,000 dollars in fees and profited off Plaintiff's Mineral estate.

**38.** The Defendant's profited on Plaintiff's Mineral estate and Plaintiff lost the entire collected estate because the Defendant's did not Protect Plaintiff by setting up a Trust Instrument. Plaintiff requests relief on his claim of injury.

**39.** Defendant Attorney had a duty to client to Protect client's collected Mineral estate by carrying out the instructions of Defendant Samuel J. Pervis and Plaintiff when a request to establish a Trust Agreement to Protect client. The Defendant's negligence by not following through with the requested Protection of client was the proximate cause for the entire loss of Plaintiff's collected Mineral estate.

**40.** At all times pertinent hereto, Defendant's owed to Plaintiff a duty to render and provide legal services in conformity with the accepted standards of professional legal practice and Pursuant to the Arkansas Professional Conduct Rules and Canons, and to use and exercise reasonably skill, care, discretion and judgment in the conduct and management of Plaintiff's Mineral estate.

**41.** Approximately October 2017, Defendant Jon R. Sanford sent in the

mail a photo copy of a royalty check from Southwestern Energy to Plaintiff at the Gus Harrison Correctional Facility. Defendant in the previous two and half year professional relationship has never sent in the mail to Plaintiff a photo copy of a royalty check from Southwestern Energy.

42.    Defendant Attorney Jon R. Sanford is responsible for beginning the Investigation of Plaintiff by the Correctional Facility and is also responsible for the violation of Policy Directive 05.03.118 and entering into a business enterprise with Plaintiff and therefore responsible for the application of the Correctional Facility Reimbursement Act against Plaintiff. Defendant Jon R. Sanford was negligent in entering into a business enterprise agreement and for sending in the mail a photo copy of a check in violation of Policy Directive thereby revealing to the authorities at the Correctional Facility that Plaintiff had assets that this Attorney collected and profited of off, by which the Attorney General could apply the Correctional Facility Reimbursement Act. Plaintiff is requesting relief on his claim of injury from the negligent acts of Defendant Attorney.

43.    Defendant Attorney Jon R. Sanford was contrary to the duties herein set forth, was professional negligent and breached and omitted his duties to Plaintiff in the following above paragraphs and when:

(a) Defendant failed to handle legal matters for the Plaintiff in a competent manner, with adequate preparation considering the circumstances that Defendant's client was in the Michigan Department of Corrections and Defendant neglected his duty to client to not damage client by revealing information to the Correctional Facility that would result in the confiscation of Plaintiff's collected Mineral

estate. Plaintiff is requesting relief on his claim of injury.
CANON 7  DR 7-101(A)(3).


(b)   The Defendant Jon R. Sanford betrayed the Confidence of his client and Conspired with Michigan State Official's and deprived Plaintiff of his rights by violating Attorney-Client Privileged and Confidential Information, by revealing client's financial and Property secrets that was requested to be held inviolate. Plaintiff requests relief on his claim of injury.
CANON 1  DR 1-102.(4)  And  CANON 4  DR 101.(B)(1)(2).


(c)   The Defendant's Jon R. Sanford and Samuel J. Pervis violated Plaintiff's Substantive Constitutional Rights under the Fifth and Fourteenth Amendments of the Constitution of the United States. The Defendant's  pursued  a  course of solicitation to engage Plaintiff who was under the disability of imprisonment, to enter into a business enterprise agreement and violate the tribunal laws of the Michigan Department of Corrections. Violation of Policy Directive violated Plaintiff's Substantive Rights, Rules affecting Rights. When Defendant Attorney revealed  Plaintiff's  Confidential  Information  to  the  Official's  at  the Correctional Facility, allowed the State of Michigan to apply the State Correctional Facility Reimbursement Act. The Defendant's are responsible for this claim of injury and Plaintiff is requesting relief.


**44.**      Defendant Attorney Jon R. Sanford owed to Plaintiff-Client James J. Swain a duty to avoid any Conflict of Interest according to the Arkansas Professional Conduct Rules and Canons.


**45.**      Approximately January 19, 2018, Plaintiff and Defendant receive

notice and a Complaint from the Attorney General of Michigan. Plaintiff's trust account in Arkansas and monthly royalties from Southwestern Energy Company were Ordered Frozen by the Michigan 16th Circuit Court pending a Show Cause Hearing.

46.     Plaintiff called on the phone Defendant Jon R. Sanford and asked for his legal counsel and representation in the Show Cause Hearing. Defendant stated that Plaintiff should go to the prison law library for legal help. Plaintiff receives a letter from Defendant Attorney resigning his role as Attorney-In-Fact for Plaintiff.

47.     Approximately January 2018, The 16th Circuit Court Ordered Defendant Jon R. Sanford to reveal all asset valuations and trust account balances and information that was requested held inviolate by Plaintiff and was Attorney-Client Privileged. Defendant by letter to the Attorney General willing without Plaintiff's Informed Consent sent all the information that the Court had requested. Defendant Attorney had willing submitted without a proper defense for client to the improper Jurisdiction of Michigan as Defendant was an Arkansas Citizen and forwarded to the Attorney General all information of Plaintiff's Mineral estate and trust account so the 16th Circuit Court could attach and render Judgement against Defendant's client and therefore violating Arkansas Professional Conduct Rules. Plaintiff is requesting relief on his claim of injury of betrayal.

48.     Approximately March 2018, A Judgement was Ordered against Plaintiff and Defendant Jon R. Sanford betrayed the Confidence of his client and willingly submitted as an Arkansas Citizen to the Michigan Jurisdiction of the 16th Circuit Court and Fraudulently Converted Plaintiff's trust account to the

Attorney General of Michigan without Plaintiff's consent to do so. Plaintiff is requesting relief on his claim of injury from Defendant Jon R. Sanford for his betrayal of clients trust.

49.        Defendant Attorney Jon R. Sanford is negligent in his legal representation of his client and the approximate cause of his Malpractice that caused injury to Plaintiff was:

(a)   Negligently being unprofessional in his duties to protect client and not follow through with client's request of setting up a Protected legal Instrument once Defendant collected the Mineral estate therefore violating the Arkansas Professional Conduct Rules of Attorney-Client relationship and Canons. CANON 6  DR 6-101. A(1)(2)(3).

(b)   By not affording his client the right to Full Disclosure and Fraudulently Concealing the existence of an Southwestern Energy Company and collecting large sums of money on Plaintiff's Mineral estate in Arkansas. Defendant  Attorney negligently and willfully withheld Information Material to the client's decision to pursue a different course of action in the Mineral estate is a breach of Attorneys "duty of care" to handle a legal matter entrusted to him.

(c)   By  not affording his client the right to be fully Informed in Full Disclosure regarding the direction  and intentions of Attorney Defendant' and Defendant  Samuel  J. Pervis  of  Heritage  Land Company LLC. by Fraudulently Converting Plaintiff's Mineral Acres and collected estate for there profit and did not Protect Plaintiff with a simply Trust Instrument and therefore injuring Plaintiff  in  this  cause of action. Plaintiff requests relief on his claim

**17**

CANON 5   DR 5-106.(A)   DR 5-107.(A)(1)(2)(B).

(a)   By not performing his legal duties and responsibilities as a fiduciary agent to his client when Defendant would not make payment for the arranged house and truck purchase and therefore violating the Arkansas Professional Conduct Rules and Canons.   CANON 9   DR 9-102.(4).

(e)   By being negligently irresponsible and damaging client by revealing a Confidence of the client and Initiating an Investigation of his client by sending a photo copy of a check to a Correctional Facility and violating Arkansas Professional Conduct Rules and Injuring Plaintiff by such conduct. CANON 4   DR 4-101.

(f)   By breaking Attorney-Client Confidentiality and making a decision without client's Consent and send by letter client's financial and Mineral Information to the Attorney General and 16th Circuit Court in Michigan without proper Jurisdiction of Complaint and Final Order to Attorney Defendant as an Arkansas Citizen to forward client's trust account. Defendant's state of mind of this betrayal was intended with Malicious Intent to willingly submit to the Jurisdiction of the Michigan Court without putting forth a defense for client or without client's Informed Consent or authority and therefore injured Plaintiff by his negligence. Plaintiff is seeking relief on his claim of injury.

(g)   By not choosing to decline employment from Samuel J. Pervis of Heritage Land Company LLC. and making a decision to enter into legal agreements with Oil and Gas Companies and collecting Plaintiff's Mineral estate from the Arkansas State Auditor without Plaintiff receiving Full Disclosure about the

Property. Plaintiff was in the Michigan Department of Corrections and had no knowledge or the ability to gain knowledge about what the Defendant's had been soliciting to Plaintiff. When Plaintiff signed that Documentation and entered into this business enterprise did not understand anything about Plaintiff's liabilities or that he was in violation of the law and that Defendant's had not Protected him and that Defendant's would collect all that money and betray Plaintiff so he would loss the entire estate. Plaintiff is seeking relief on his claim of injury.

CANON 5  DR 5-101.(A) (B)(1)(2)(3).  CANON 6  DR 6-102.(A).

**50.**        As a result of the breaches and omissions of duty and the Defendant's carrying out there Fraudulent Conversion and by Fraudulently Concealing Plaintiff's Mineral estate, the Plaintiff has sustained damages as a proximate result thereof which include, but not limited to, the following:

(a) Neglected a legal matter by not protecting client's Mineral estate with the requested Trust Instrument.

(b) By Fraudulently Concealing Plaintiff's Mineral estate and entering into enterprise agreement without Informed Consent.

(c) By Fraudulently Converting 30% of Plaintiff's Mineral Acres to Samuel J. Pervis.

(d) By Fraudulently Converting 30% of the collected Mineral estate.

(e) By Fraudulently Converting 30% of the Mineral Acres to Samuel J. Pervis and the undetermined financial loss that Samuel J. Pervis collected on that Transferred Mineral Acres.

(f) The $40,000 dollar profit Defendant Attorney made of Plaintiff during the administration of the Mineral estate, fees charged to Plaintiff.

(g) The Property loss of a $20,000 dollar home and a $17,000 dollar truck.

(h) The Fraudulent Conversion of $75,000 dollars from trust bank account.

(i) When the attorney resigned his position as power of attorney and notified Southwestern Energy and severing of Lease Agreements with owner while owner was in the Michiagn Department of Corrections and left Plaintiff in the position of not being able to pay the Mineral taxes almost resulted in loss of Mineral Deed.

(j)   Emotional distress, mental anguish, frustration, humiliation, and embarrassment to Plaintiff that has continued for the past three years.

## RELIEF SOUGHT

**WHEREFORE,**   Plaintiff seeks Judgement against Defendant's Jon R. Sanford and Samuel J. Pervis for Fraudulent Concealment of Plaintiff's Mineral estate and Fraudulent Conversion of the Mineral estate for the Defendant's own profit. Plaintiff is also seeking Judgement on the many claims of Attorney Malpractice of Jon R. Sanford in the following proportional amount:

## COMPENSATORY DAMAGES

Award to Plaintiff James J. Swain **$375,000 dollars** against the Defendant's Jon R. Sanford  and Samuel J. Pervis in the proportional amount of damages, including costs, interests and attorney fees associated with this Civil Suit.


I declare that the statements above are true to the best of my information, knowledge, and belief.


PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this _23_ day of July, 2020.

RESPECTFULLY SUBMITTED,

IN PRO PER

JAMES J. SWAIN #259133

GUS   HARRISON   CORRECTIONAL   FACILITY

2727 EAST BEECHER STREET

ADRIAN, MI 49221

### CERTIFICATE OF SERVICE

I, James J. Swain, Plaintiff in this cause of action, by my signature below, certify that I have mailed by U.S. First Class Mail, postage prepaid, the foregoing Amended Complaint with Attached Statement of Facts to JON R. SANFORD, P.O. Box 6111 Edmonds, WA 98026 or otherwise delivered a copy to him on the _23_ day of July, 2020.

JAMES J. SWAIN #259133