IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES J. SWAIN                                                                                   PLAINTIFF
#259133

V.                                      CASE NO.  4:20-cv-00299 JM

JON R. SANFORD, *et. al.*                                                                  DEFENDANTS

## ORDER

Pending is Plaintiff James J. Swain's Motion to Amend Final Scheduling Order.  (Doc. No. 37).  Sanford has responded.  (Doc. No. 38).  For the reasons set out below, Swain's Motion (Doc. No. 37) is GRANTED in part and DENIED in part.

Swain believes Sanford's discovery requests are meant to harass him and asks for an extension of time up to and including December 7, 2020, to respond to Sanford's requests.  (Doc. No. 37).  Swain reasons he needs the extension because Sanford sought production of the documents he just sent to Swain, and Swain needs the documents for the preparation of his upcoming summary judgment motion.  (*Id*. at 2-3).  Swain also indicated he intends to file a motion for summary judgment on December 7, 2020.  (*Id*. at 3).  He believes Sanford, through his discovery requests, is trying to force him to file his summary judgment motion early.  (*Id*. at 2).  Swain also complains that Sanford's requests alternate interrogatories with requests for production.  (*Id*. at 3).  Lastly, Swain is concerned about the deadlines in the final scheduling order because it appears Samuel Pervis has not been served yet.  (*Id*. at 2).

To the extent Swain asks that the discovery cutoff be extended, his request is denied—for now.  If additional time is needed for discovery in this case because of Pervis, the Court will address the deadlines in the scheduling order.  For now, the deadlines remain in place.  (*See* Doc. No. 25).

Swain asks that he have until the discovery cutoff date of December 7, 2020—the same day Swain says he will file his motion for summary judgment—to respond to Sanford's discovery

requests.  Swain was served with Sanford's interrogatories and requests for production on September 4, 2020.  (Doc. No. 37 at 1).  Swain asks for an extension to his response time because he claims Sanford seeks documents he just produced.  But Swain does not explain why he cannot timely respond to Sanford's discovery requests consistent with the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 33(b), 34(b)(2).  And Swain has not sought relief beyond an extension.  *See* FED. R. CIV. P. 26(c).  Accordingly, Swain's request for an extension is granted in part: he has until October 19, 2020 to respond to Sanford's discovery requests.  All other relief requested is denied.

    IT IS SO ORDERED this 22nd day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE